UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JOSE R. POLONIA,

                           Plaintiff,                  24-cv-562 (AEK)

           -against-                 **DECISION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

--------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J[1]**

Currently before the Court is Plaintiff Jose R. Polonia's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  ECF No. 29.  For the reasons set forth below, the motion for attorney's fees is GRANTED.

**BACKGROUND**

Plaintiff filed an application for Social Security disability benefits with the Social Security Administration ("SSA") on April 25, 2021, claiming a disability onset date of March 27, 2020.  ECF No. 30 ("Berger Aff.") ¶ 1.  After the SSA denied his claim, Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held before ALJ Elias Feuer on April 5, 2022.  *Id.*  ALJ Feuer issued a decision on June 15, 2022, finding that Plaintiff was not disabled.  *Id.*  On June 23, 2023, the SSA's Appeals Council denied Plaintiff's request for review of the ALJ's decision.  *See* ECF No. 8 (Certified Administrative Record) at 1-6.

On February 5, 2024, Plaintiff signed a retainer agreement with attorney Daniel Berger to pursue an appeal in federal court of the SSA's denial of his application for benefits.  Berger Aff.

---

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 17.

¶ 2 & Ex. A ("Retainer Agreement").  Pursuant to the Retainer Agreement, Plaintiff agreed to pay Mr. Berger up to 25 percent of any past-due benefits he received as a result of a remand to the SSA following a successful federal court appeal and subsequent award by the SSA following additional proceedings.  *Id.*

Plaintiff commenced this action on January 25, 2024.  ECF No. 1.  The Commissioner filed the administrative record on April 1, 2024, ECF No. 8, and Plaintiff filed his brief in support of his position on July 5, 2024, ECF Nos. 18-19.  The parties filed a proposed stipulation and order of remand on September 4, 2024, ECF No. 21, which the Court so-ordered, ECF No. 22.  Judgment was entered on behalf of Plaintiff that same day, and the case was remanded for further administrative proceedings.  ECF No. 23.  On December 12, 2024, the Court so-ordered a stipulation and order approving an award of fees under the Equal Access to Justice Act, 24 U.S.C. § 2412 ("EAJA"), in the amount of $8,000.  ECF No. 28.  Because Plaintiff's recovery of EAJA fees was partially offset by the collection of certain outstanding debts, counsel received only $2,130.43 in fees under the EAJA.  Berger Aff. ¶ 4 & Ex. B.

Upon remand to the SSA, a second administrative hearing was held before a different ALJ, and in a decision dated October 17, 2025, that ALJ found that Plaintiff had been disabled since his alleged onset date of March 27, 2020.  *Id.* ¶ 5.  On December 15, 2025, the SSA issued a Notice of Award ("NOA") to Plaintiff, setting forth the benefits he would be receiving.  Berger Aff. Ex. D (NOA).  The NOA indicated that the SSA had withheld $21,983.75—25 percent of Plaintiff's total past-due benefits—for payment of attorney's fees.  Berger Aff. ¶ 9 & NOA at 3.

Mr. Berger filed the instant motion, which seeks $21,983.75 in attorney's fees, on December 23, 2025.  ECF Nos. 29-31.  The memorandum of law in support of the motion appropriately acknowledges that should the motion be granted, counsel will pay $2,130.43—*i.e.*,

2

the amount previously received by counsel under the EAJA—directly to Plaintiff.  *See* ECF No. 31 at 4.  On January 6, 2026, the Commissioner filed a response to the motion in his limited role "'resembling that of a trustee for the claimant[].'"  ECF No. 32 at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).  The Commissioner did not take a specific position with respect to the fee request, and noted that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law."  *Id.* at 2.

## DISCUSSION

### I.    Legal Standard

"Three statutes authorize attorney's fees in social security actions.  42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not 'substantially justified.'"  *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*, 535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).  Pursuant to § 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).

### II.    Analysis

#### A.    Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the

3

date on which the notice of award is received, and the period also may be subject to equitable tolling. 932 F.3d 83, 85 (2d Cir. 2019). Here, the NOA is dated December 15, 2025, and the motion for attorney's fees was filed eight days later on December 23, 2025. Accordingly, the motion was timely filed.

**B.      Reasonableness of Fee Award**

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are 'reasonable.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022). "'[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Id.* at 852-53 (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingency fee agreement." *Caraballo v. Comm'r of Soc. Sec.,* No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." *Fields*, 24 F.4th at 853. A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the

4

benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.* (cleaned up).

Here, the requested fee is not greater than 25 percent of Plaintiff's past-due benefits, and there is no evidence or suggestion of fraud or overreaching in the negotiation of the Retainer Agreement.

The Court turns next to the reasonableness factors.  First, the requested fee is in line with the character of the representation and results achieved.  Mr. Berger filed this action to challenge the denial of benefits, was able to secure the Commissioner's agreement to remand the case to the SSA for further proceedings after filing an opening brief, and after remand, Plaintiff was awarded $87,935 in past-due benefits.  *See* Berger Aff. ¶ 5; NOA at 3; ECF No. 31 at 3; *see, e.g.*, *Shrack v. Saul*, No. 16- cv-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where the plaintiff sought and obtained a remand to the SSA, and "the plaintiff received a fully favorable result upon remand," the fee was in line with character of representation and results achieved).

Second, Mr. Berger did not cause any unreasonable delay in this action.  While counsel did request and receive one agreed-upon extension of time to file Plaintiff's brief "due to a busy case load," ECF No. 12, there is no reason to believe that the extension was sought for any improper purpose.

Third, with respect to the "windfall" factor, counsel's requested fee of $21,983.75 is not inappropriately large in light of the 36.5 hours that Mr. Berger's firm devoted to this case and the successful result that was achieved.  *See* Berger Aff. ¶ 7 & Ex. C ("Timesheet").  For purposes of evaluating the "windfall" factor, the Second Circuit has instructed courts to look beyond the *de facto* hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and

length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

The work in this matter was performed by Mr. Berger (35.9 hours) and a paralegal (0.6 hours), and included review of the substantial administrative record and drafting Plaintiff's brief, which resulted in a stipulated remand. *See* Berger Aff. ¶ 7 & Timesheet.  Mr. Berger has extensive experience in litigating Social Security disability appeals, and he maintained a multi-year relationship with Plaintiff. *See id.* ¶¶ 2, 3, 5, 8.  Courts within the Second Circuit generally and routinely endorse 20-40 hours for work performed by counsel in Social Security disability cases. *See Bass v. Kijakazi*, No. 16-cv-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022).  The hours worked by Mr. Berger in this matter fall within this range, and reflect counsel's significant experience in these types of cases.  In addition, the Court has no reason to believe that Plaintiff is in any way dissatisfied with the results of representation.  Indeed, counsel's efforts led to the reversal of the Commissioner's original denial of benefits and a significant award of benefits to Plaintiff. *See* Berger Aff. ¶ 5; NOA at 1-2; *Bass*, 2022 WL 1567700, at *5 (finding that counsel's success in advocating on behalf of plaintiff "militate[s] in favor of approving" fee request).  Further, given that Plaintiff did not secure a remand until after his counsel filed an opening brief, it is apparent that a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of non-recovery. That kind of unearned advantage is what the windfall concern really is about.").  Moreover, "[l]awyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do";

accordingly, when operating with a contingency agreement like the one at issue here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855-56 (cleaned up). The award amount sought here appropriately reflects this risk.

Turning to the *de facto* rate—which is not dispositive, *see id.* at 854—counsel would effectively be compensated here at a *de facto* blended hourly rate of approximately $602.29 per hour ($21,983.75 for a total of 36.5 hours worked by both counsel and a paralegal); the *de facto* hourly rate for Mr. Berger's time only would be approximately $612.36 per hour.[2] These rates are well within the range of *de facto* hourly rates approved by courts within this Circuit, and are substantially below than the $1,556.98 *de facto* hourly rate approved by the Second Circuit in *Fields*. *See id.* at 854-57; *see also id.* at 856 n.10 (collecting cases with *de facto* hourly rates ranging from $1,289.06 to $2,100). In sum, none of these factors indicate that the award requested by Mr. Berger would constitute a "windfall."

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees (ECF No. 29) is GRANTED, and Mr. Berger is awarded $21,983.75, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy. Upon receipt of this award, Mr. Berger is directed to

---

[2] Whether or not the paralegal time is included in the analysis is immaterial—either way, the attorney's fee award requested by Mr. Berger is reasonable.

promptly refund to Plaintiff $2,130.43, which represents the amount of fees that Mr. Berger

previously received under the EAJA.

Dated:  February 3, 2026
        White Plains, New York

                                               **SO ORDERED.**

                                               _Andrew Krause_
                                               _____
                                               ANDREW E. KRAUSE
                                               United States Magistrate Judge